## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SOSV IV, LLC, <br><br> **Plaintiff,** <br><br><br> vs. <br><br> **HOTTAB PTE. LTD, HOTTAB HOLDINGS LIMITED, SOCIETY PASS INCORPORATED and SANJEEV SAPKOTA,** <br><br> **Defendants.** | CIVIL ACTION NO: <br><br><br> **COMPLAINT AND JURY DEMAND** |

**SOSV IV, LLC,** with a business address at 174 Nassau Street, #3000, Princeton, NJ 08542 by way of complaint against the Defendants, states the following:

### PARTIES

1.      The Plaintiff, SOSV IV, LLC ("SOSV" or "Plaintiff"), is a limited liability company organized pursuant to the laws of the State of Delaware.  It maintains a business address at 174 Nassau Street, #3000, Princeton, NJ 08542. SOSV is a multi-stage venture capital investor. It runs multiple world class vertical accelerator programs, and provides seed, venture and growth stage follow-on investment to start-up companies.

2.      Defendant, Hottab Pte. Ltd. ("Hottab"), is a company incorporated under the laws of Singapore, having its registered office at 163 Tras Street, #10-05, Lian Huat Building, Singapore 079024.  Hottab is a multilingual POS application that enables restaurants, cafes, bars, and stores to manage their businesses. Hottab offers tools that enable businesses to connect with

their customers, manage orders and tables, and access real-time reports and insights through their mobile phones or tablets. It also enables them to connect with their printers and manage printouts.

3.    Defendant, Hottab Holdings Limited ("Hottab BV"), is a company and incorporated under the laws of the British Virgin Islands, having its registered office at P.O. Box 957, Offshore Incorporation Center, Road Town, Tortola, VG1110, British Virgin Islands.  Upon information and belief, Hottab BV's principal purpose is that of a holding company.

4.    Defendant, Society Pass Incorporated ("SOPA") is a company incorporated under the laws of the state of Nevada, having its business office at 55 W. 39th St., 18th Floor, New York, NY 10018. SOPA is a leading data-driven loyalty platform.

5.    Defendant, Sanjeev Sapkota ("Sapkota") is an individual who, upon information and belief resides in Hanoi, Vietnam.  Sapkota is the founder of Hottab and Hottab BV and is, upon information and belief, a Chief Strategy Officer at SOPA.

6.    Hottab, Hottab BV, SOPA and Sapkota may hereinafter be collective referred to as the "Defendants".

**JURISDICTION AND VENUE**

7.    Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiff is a Delaware limited liability company with its principal place of business in New Jersey. Hottab BV is a British Virgin Islands company with its principal place of business in the British Virgin Islands.  Hottab is a Singapore company with its principal place of business in Singapore. SOPA is a Nevada corporation with a principal place of business in New York. Sapota is an individual residing in Hanoi, Vietnam. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

8.      Venue in the United States District Court for the District of New Jersey is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District and the Defendants have systematic contacts with the State of New Jersey.

## BACKGROUND

9.      SOSV's Mobile-Only Accelerator ("MOX") is a leading app accelerator, which allows best in breed mobile solutions from mature markets to rapidly penetrate emerging mobile markets.

10.     In January of 2019, Hottab attended an SOSV MOX accelerator program at which time SOSV invested in Hottab according to its standard investment structure: (i) a Stock Purchase Agreement (the "SPA") pursuant to which SOSV would receive 5% of Hottab's common stock for consideration of $1.00 and (ii) an Accelerator Contract for Equity (the "ACE") with a total investment amount of $168,000.00 at a valuation cap of $12,000,000.00.

11.     The investment amount under the ACE was allocated as follows: (i) a $75,000.00 cash payment to Hottab, (ii) a $48,000.00 cash payment to assist in the establishment of a Hottab subsidiary in Taiwan, and (iii) the payment of $45,000.00 to cover the program costs associated with Hottab's participation in the MOX accelerator program.

12.     The SPA and ACE were dated as of January 10, 2019 and the full investment in Hottab was paid by SOSV.

13.     In or around October 2019, subsequent to SOSV's investment in Hottab, SOPA allegedly acquired 100% of the issued and outstanding shares Hottab for the sum of $975,000.00 which said sum was paid as follows: (i) the issuance of 156 shares of SOPA common stock valued at $900,000.00 and (ii) a $75,000.00 cash payment.

14.     The acquisition of Hottab by SOPA qualified as a "Liquidity Event" pursuant to the terms and conditions of the ACE.  Specifically, a "Liquidity Event" is defined in Section 2 of the ACE as "a Change in Control or an Initial Public Offering".  A "Change of Control" is defined in Section 2 of the ACE, in pertinent part, as "(iii) a sale, lease or other disposition of all or substantially all of the assets of the Company."

15.     In the event of a Liquidity Event, SOSV was entitled to a payment from Hottab. Specifically, the ACE provides in Section 1(b) as follows:

> **Liquidity Event.** If there is a Liquidity Event before the expiration or termination of this Agreement, the Company will pay to the Investor the greater of (i) two (2) times the Purchase Amount, or (ii) the amount the investor would have received in connection with such Liquidity Event, as a stockholder of the Company, if the Purchase Amount had been converted immediately prior to the effectiveness of the Liquidity Event into shares of Common Stock equal to the Purchase Amount divided by the Liquidity Price.

16.     As such, in addition to its ownership interest in Hottab pursuant to the SPA, SOSV was entitled to receive two (2) times the Purchase Price or $336,000.00 ($168,000 x 2) due to the sale to SOPA.

17.     SOSV learned of the sale to SOPA on or about November 22, 2019 at which time a representative of SOSV emailed Sapkota.  The email stated as follows:

> Sanjeev,
>
> I heard you have agreed to sell the company, congratulations!"
>
> I was hoping we could get some documents from you on this to help us figure out where we fit in.  It appears to be a purchase of between 1.8 and 2.4 million dollars in stock.  Please provide us those documents and then Zena and I can help put together the calculation on this so we know, overall, who ends up with what.
>
> Based on a cursory glance, from our cap table in our SPA we would receive 4.5%, our friends Gmobi would have an additional 0.5%. In addition, SOSV would also receive the 2x liquidity preference

> on the value of our ACE as that has not converted to stock at this
> time. Looking forward to those documents, and again,
> congratulations.

Numerous email communications among SOSV, SOPA and Sapkota followed where SOSV's

interests and entitlements were documented and copies of the SPA and ACE were provided.

18.     After months of avoidance, misinformation and stonewalling by Sapkota and

SOPA, SOSV received a copy of an executed "Hottab Pte. Ltd. Term Sheet" setting forth the

terms of a proposed acquisition of Hattab by SOPA (the "Term Sheet"). The Term Sheet was

executed on behalf of SOPA by its Chairman, Dennis Nguyen and on behalf of Hottab (and Hottab

Vietnam Company Limited) by Sapkota as its Authorized Representative. Of note, the Term

Sheet set forth a list of the current shareholders for the ordinary shares of Hottab. Specifically,

the term Sheet stated as follows:

> The list of the current shareholders for the ordinary shares is the
> following:

| Shareholder | # of Shares | Percentage |
| --- | --- | --- |
| Sanjeev SAPKOTA | 745 | 51.17% |
| BPS Advisory | 111 | 7.62% |
| Connect Investment | 137 | 9.41% |
| TRG | 111 | 7.62% |
| Patrick HEDVIST | 50 | 3.43% |
| Nicolas CAMPOURCY | 125 | 8.59% |
| Marco MARCHIORO | 21 | 1.44% |
| Andiran TAN | 40 | 2.75% |
| Bobby Liu | 30 | 2.06% |
| SOSV IV, LP | 77 | 5.29% |
| General Mobile Corporation | 9 | 0.62% |
| **Ordinary Total** | **1,456** | **100.00%** |

19.     Subsequent to the execution of the Term Sheet, and notwithstanding the terms of

the Term Sheet and the disclosures therein, upon information and belief, SOPA and Hottab BV

entered into an agreement to fraudulently buy and sell 100% of the issued and outstanding shares

of Hottab (the "Agreement of Purchase and Sale").  The majority of purchase price was paid through the issuance of shares in SOPA to Hottab BV, notwithstanding the fact that Hottab BV was not a shareholder or owner of Hottab.

20.     In light of the fact that SOSV has no interest in Hottab BV, it received no consideration for its ownership interest in Hottab as per the SPA. Additionally, SOSV received no payment due to the Liquidity Event as required by the ACE.

21.     After more than one (1) year of attempts to address SOSV's ownership interest in Hottab as well as its entitlement to payment due to the Liquidity Event, Sapkota, Hottab, Hottab BV and SOPA have refused acknowledge SOSV's ownership interest in Hottab pursuant to the SPA or its entitlement pursuant to the ACE.

22.     As a result of the actions of the defendants, SOSV has been deprived if its rights, interests and entitlements pursuant to the SPA and ACE and therefore have suffered substantial financial damages, including but not limited to the sum of $336,000.00 pursuant to ACE and the value of its ownership interest in Hottab.

23.     Upon information and belief, SOPA has or will be taking the necessary steps for the filing of an initial public offer, which upon information and belief will substantially increase the value of the shares issued to Hottab BV as consideration for the acquisition of Hottab.

## CAUSES OF ACTION

### FIRST COUNT
**Fraudulent Misrepresentation/Concealment – All Defendants**

24.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

25.     Defendants made false statements of material fact or concealed material facts concerning the Plaintiff's investment in Hottab and Plaintiff's ownership interest in Hottab.

26.     Defendants made several misrepresentations regarding the SPA and the ACE and the Plaintiff's rights and entitlements pursuant thereto.

27.     Defendants concealed the sale of Hottab to SOPA from the Plaintiff and/or otherwise disregarded Plaintiff's ownership interest in Hottab by entering into the Agreement of Purchase and Sale with Hottab BV knowing that Hottab BV did not own the issued and outstanding shares in Hottab and with the express knowledge that the Plaintiff was the owner of a portion of the issued and outstanding shares of Hottab.

28.     Plaintiff has suffered damages and will continue to suffer damages as a result of the actions of the Defendants.

29.     Defendants are guilty of recklessness, oppression, fraud and malice.  Defendants' conduct was intended to cause injury to the Plaintiff and was carried out in a conscience disregard of Plaintiff's rights.

30.     As a direct result of the Defendants' fraudulent conduct, the Plaintiff has been damaged in an amount to be proven at trial, but which is not less than the sum of $336,000.00 pursuant to the terms and conditions of the ACE plus the value of its ownership interest in Hottab, interest attorneys' fees and costs.

**SECOND COUNT**
**(Breach of Contract – All Defendants)**

31.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

32.     Plaintiff fully performed its obligations to Hottab including but not limited to those under the SPA and the ACE.

33.     Through the conduct alleged above, the Defendants have breached their contractual obligations by, *inter alia*, failing to pay the Plaintiff two (2) times the Purchase Price under the ACE as a result of the Liquidity event.

34.     Through the conduct alleged above, the Defendants have breached their contractual obligations by, *inter alia*, failing to recognize and pay Plaintiff for its ownership interest in Hottab pursuant to the SPA.

35.     As a result of the Defendants' intentional and ongoing breaches, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial, but which is not less than the sum of $336,000.00 pursuant to the terms and conditions of the ACE plus the value of its ownership interest in Hottab, interest attorneys' fees and costs.

## THIRD COUNT
### (Breach of the Covenant of Good Faith and Fair Dealing– All Defendants)

36.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

37.     In every contract be performed there is an implied covenant of good faith and fair dealing.

38.     Plaintiff fully complied with its obligations pursuant to the ACE and SPA.

39.     Through the conduct alleged above, the Defendants have breached the implied covenant of good faith and fair.

40.     As a result of the Defendants' breach, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial, but which is not less than the sum of $336,000.00 pursuant to the terms and conditions of the ACE plus the value of its ownership interest in Hottab, interest attorneys' fees and costs.

## FOURTH COUNT
### (Quantum Meruit and/or Unjust Enrichment – All Defendants)

41.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

42.     Plaintiff provided various benefits to the Defendants including but not limited to its investment of money in and provision of services to Hottab as set forth hereinabove.

43.     The Defendants received these benefits, including but not limited to Plaintiff's investment.

44.     The Defendants have unjustly retained the benefits that the Plaintiff provided at the expense of the Plaintiff.

45.     The Plaintiff was fraudulently induced into conferring the benefits unto the Defendants as a result of Defendants' statements and conduct, as alleged above, and led Plaintiff to believe that it was an equity holder in Hottab and that it would receive the benefits as set forth in the ACE and SPA.

46.     As a result of Defendants unjust enrichment, Plaintiff also seeks disgorgement in an amount to be determined at trial.

47.     As a result of the Defendants' conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial, but which is not less than the sum of $336,000.00 pursuant to the terms and conditions of the ACE plus the value of its ownership interest in Hottab, disgorgement, interest attorneys' fees and costs.

## FIFTH COUNT
### (Promissory Estoppel-All Defendants)

48.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

49.     The representations and promises made by the defendant, Hottab, as to the benefits to be received by the Plaintiff pursuant to the ACE and SPA were clear and unambiguous.

50.     Plaintiff reasonable relied on these representations and promises to its detriment in making its investment in Hottab and in executing and delivering the ACE and the SPA.  In doing so, Plaintiff reasonably and foreseeably relied on Sapkota and Hottab.  The Defendants, each of them and all of them will be unjustly enriched, to the detriment of the Plaintiff, if they are

permitted to retain the benefits of revenue and equity in Hottab without making payments to the

Plaintiff or without making payments pursuant to the ACE and SPA.

51.     As a result of the Plaintiff's reliance, Plaintiff has suffered and will continue to

suffer damages in an amount to be proven at trial, but which is not less than the sum of

$336,000.00 pursuant to the terms and conditions of the ACE plus the value of its ownership

interest in Hottab, disgorgement, interest attorneys' fees and costs.

### SIXTH COUNT
### (Oppression of Minority Shareholder)

52.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

53.     At all relevant times, the Plaintiff was a minority shareholder of Hottab pursuant

to the express terms of the SPA.

54.     As set forth hereinabove, the Defendants have engaged in a systematic pattern of

oppressive and unfair conduct toward the Plaintiff by refusing to recognize the Plaintiff's equity

interest in Hottab and by failing to perform pursuant to the terms and conditions of the ACE and

SPA.

55.     The acts of oppression by the Defendants have prevented the Plaintiff from

protecting its interests pursuant to the ACE and the SPA or otherwise as a shareholder of Hottab.

56.     The Defendants' ongoing conduct has frustrated the Plaintiff's reasonable

expectations both monetarily and non-monetarily, in relation to the valuation and share of

Plaintiff's ownership interest in Hottab.

57.     As a result of the Defendants continued oppression, Plaintiff has suffered and will

continue to suffer damages in an amount to be proven at trial but which is not less than the sum

of $336,000.00 pursuant to the terms and conditions of the ACE plus the value of its ownership

interest in Hottab, disgorgement, interest, attorneys' fees and costs.

## SEVENTH COUNT
### (Breach of Fiduciary Duty – All Defendants)

58.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

59.     Defendants owe their shareholders fiduciary obligations including but limited to the highest obligations of good faith, fair dealing, loyalty and care.

60.     The Defendants have violated their fiduciary duties to the Plaintiff by transferring 100% of the issued and outstanding shares Hottab to SOPA without recognizing and/or accounting for the Plaintiff's ownership interest and/or other entitlements under the ACE and SPA.

61.     The Defendants know, and should know, that their actions have caused and continue to cause damages to the Plaintiff.

62.      As a result of the Defendants breach of their fiduciary obligations, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial but which is not less than the sum of $336,000.00 pursuant to the terms and conditions of the ACE plus the value of its ownership interest in Hottab, disgorgement, interest, attorneys' fees and costs

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff SISV IV, LLC demands that the Court enter Judgment against the Defendants, jointly and severally as follows:

a.  Damages in the sum of $336,000.00 pursuant to the terms and conditions of the ACE;

b.  Damages equal to the value of Plaintiff's ownership interest in Hottab or alternatively the entry of an Order compelling the issuance of shares in SOPA in an amount equal to Plaintiff's ownership interest in Hottab at the time of the Agreement of Purchase and Sale;

c.  Disgorgement;

d.  Constructive Trust;

e.  Interest, attorneys' fees and costs;

f.  Punitive Damages; and

g.  Such other relief as the Court deems just, proper and equitable.

## JURY DEMAND

**PLEASE TAKE NOTICE** that the Plaintiffs hereby demand trial by jury on all issues.

**DURKIN & DURKIN, LLC**

By:  /s/ M. Murphy Durkin_____
     M. Murphy Durkin, Esq. (1214)
     1120 Bloomfield Avenue
     P.O. Box 1289
     West Caldwell, NJ 07007
     Tel. (973) 244-9969
     Fax. (973) 227-4676
     mdurkin@durkinlawfirm.com
     Attorneys for Plaintiff, SOSV, IV, LLC

Dated: June 10, 2021